# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO.: 1:11-CR-22-TLS |
| | ) | |
| OSIRIS ESPINOZA | ) | |

## OPINION AND ORDER

The Defendant, Osiris Espinoza, pled guilty to conspiring to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. On February 28, 2013, the Court sentenced the Defendant and judgment was entered. The Defendant has filed a motion to collaterally attack his sentence on grounds that his counsel rendered ineffective assistance. A § 2255 motion allows a person in federal custody to attack his sentence on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. If it can be determined from the motion and the record of prior proceedings that the movant is not entitled to relief, the motion should be denied without requiring a response from the government and without a hearing. Rule 4(b), Rules Governing section 2255 Proceedings for the United States District Courts.

After ruling on various objections to the Guideline calculations, the Court sentenced the Defendant to a term of imprisonment of 168 months, the low end of the advisory Guideline range. Sentencing was the result of the Defendant's decision to plead guilty to Count 1 of the Superseding Indictment, charging him with conspiracy to distribute and possess with intent to distribute 5 kilograms of more of cocaine. The Defendant pled guilty pursuant to a written Plea Agreement, which provided consideration through the dismissal of additional charges and other benefits. In his Plea Agreement, the Defendant affirmed:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, *including* any appeal under Title 18, United States Code, Section 3742 or *any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.*

(Plea Agreement ¶ 8(g) (emphasis added), ECF No. 165.) In paragraph 13, the Defendant declared that he was offering his "plea of guilty freely and voluntarily and of [his] own accord," that "no promises ha[d] been made to [him] other than those contained in this [plea] agreement," and he was not "threatened in any way by anyone to cause [him] to plead guilty in accordance with this agreement."

"It is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable." *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). There are only limited instances when a knowing and voluntary waiver of collateral review will not be enforced, including when the sentence exceeds the statutory maximum, when the plea or court relies on a constitutionally impermissible factor like race, or when counsel is ineffective in the negotiation of the plea agreement. *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012) (citing *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011)). The Defendant's sentence is below the statutory maximum, and race is not alleged to have been a factor in his sentence. Thus, the Defendant cannot pursue relief in the present § 2255 motion unless his waiver, or the plea agreement as a whole, was unintelligent or involuntary because of ineffective assistance of

2

counsel or otherwise. *Hurlow*, 726 F.3d at 964–65; *see also United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001) ("A waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled (for example, because involuntary)" (citations omitted)).

The Defendant has made no claims of the type that would nullify his Plea Agreement. Concentrating on the sentencing phase of his case, he submits that his counsel was ineffective "for failure to properly attack the Safety Valve provisions and identify other avenue for relief." (Motion, ECF No. 319 at 4.) The Defendant has not claimed that his Plea Agreement was the produce of ineffective assistance of counsel, or that his plea should be set aside. His claims—that trial counsel rendered ineffective assistance with respect to application of the safety valve and discovering other potential sentence reductions—had nothing to do with the negotiation of the Plea Agreement. *See, e.g., Bridgeman v. United States*, 229 F.3d 589, 593 (7th Cir. 2000) (ineffective assistance of counsel claims that relate to anything other than plea negotiation, for example, those related to counsel's performance at sentencing, are barred by an enforceable waiver); *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000) (because the defendant's ineffective assistance of counsel claim related only to counsel's performance with respect to sentencing, it had nothing to do with the issue of a deficient negotiation of the waiver and was barred by a waiver). Nor does the Defendant's attack on his sentence suggest that his plea, which he entered over nine months earlier, was unintelligent or involuntary for reasons unrelated to his counsel's performance. Any such claim would be repudiated by his contractual agreements as set forth in the Plea Agreement and his statements to the Magistrate Judge during the change of plea hearing.

In sum, the Defendant has not alleged a ground for relief that suggests he should be

relieved from his Plea Agreement and the clear and unambiguous waiver on collateral attacks. After consideration of the Defendant's Motion, the Court is convinced that it "plainly appears from the motion . . . and the record of prior proceedings" that the Defendant is not entitled to relief. *See* Rule 4, Rules Governing section 2255 Proceedings for the United States District Courts. According, summary dismissal of his § 2255 Motion is directed.

## CONCLUSION

For the reasons stated above, the Defendant's Motion pursuant to 28 U.S.C. § 2255 [ECF No. 319] is summarily DISMISSED. Further, the court DENIES the issuance of a certificate of appealability (COA). A COA should issue only if the movant has made a substantial showing of the denial of a constitutional right, that is, that reasonable jurists would find it debatable whether the district court correctly resolved the issues or would conclude that those issues are adequate to deserve further proceedings. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 337–38 (2003). The Court's explanation for enforcing the Plea Agreement waiver and denying of the Defendant's Motion adequately explains why this standard has not been met.

The parallel civil cause (1:14-CV-125) initiated by the § 2255 Motion will be closed.

SO ORDERED on April 25, 2014.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT